UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO:

**HEATHER FINNEY,**
individually and on behalf of all
others similarly situated,　　　　　　　　　　　　**CLASS ACTION**

　　　Plaintiff,　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

v.

**HARVARD FORD, LLC,**

　　　Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Heather Finney brings this class action against Defendant Harvard Ford, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.　　This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.　　Defendant sells new and used automobiles.

3.　　Defendant markets by calling consumers with prerecorded messages without first obtaining the required express written consent.

4.　　Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life

1

of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Winnebago County, Illinois.

8. Defendant is an Illinois limited liability company whose principal office is located in Harvard, Illinois within McHenry County. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10. Between September and December of 2019, Defendant caused multiple telemarketing prerecorded voice messages to be transmitted to Plaintiff's cellular telephone number ending in 1595 ("1595 Number").

11. The prerecorded messages included a prerecorded voice which identified itself as calling from "Harvard Ford" and which asked Plaintiff to trade in her vehicle and to purchase a new vehicle from Defendant.

12. At the time Plaintiff received these prerecorded voice messages, Plaintiff was the subscriber and/or sole user of the 1595 Number.

13. Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business, goods and services.

14. At no point in time did Plaintiff provide Defendant with their express written consent to be contacted for marketing purposes by calls using prerecorded messages.

15. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

16. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

17. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

18. Plaintiff brings this case on behalf of the Class defined as follows:

**Prerecorded Message Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant or anyone on Defendant's behalf, (2) called using an artificial or prerecorded voice, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's cellular telephone number.

19. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

20. Defendant and its employees are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

21. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

23. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

24. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example,

one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
**(On Behalf of Plaintiff and Prerecorded Message Class)**

29. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

30. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

31. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

32. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

33. Defendant used prerecorded messages to make non-emergency telemarketing telephone calls to the cellular telephones of Plaintiff and other members of the Class.

34. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

35. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by making non-emergency telemarketing telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

36. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

37. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

c) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) An order declaring that Defendant's actions, as set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 10, 2021

Respectfully submitted,

| | |
|---|---|
| By: */s/ Ignacio Hiraldo*<br><br>Ignacio Hiraldo, Esq.<br>**IJH Law**<br>Florida Bar No. 0056031<br>D.C. Bar No. 485610<br>1200 Brickell Ave. Suite 1950<br>Miami, FL 33131<br>E: IJhiraldo@IJhlaw.com<br>T: 786-496-4469 | Manuel S. Hiraldo<br>**HIRALDO P.A**.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954-400-4713 |

*Attorneys for Plaintiff and the Proposed Class*