UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO: 1:21-cv-03130

HEATHER FINNEY,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

HARVARD FORD, LLC,

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

Judge Martha M. Pacold

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Heather Finney brings this class action against Defendant Harvard Ford, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.     Defendant sells new and used automobiles.

3.     Even though it did not have the required consent, Defendant made telemarketing calls that used a prerecorded or artificial voice to Plaintiff's cellular telephone number.

4.     Defendant also made telemarketing calls that used a prerecorded or artificial voice to other consumers who had not given Defendant the required consent to do so.

1

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Winnebago County, Illinois.

9. Defendant is an Illinois limited liability company whose principal office is located in Harvard, Illinois within McHenry County. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. Between September and December of 2019, Defendant initiated and placed multiple telemarketing telephone calls that used a prerecorded voice to Plaintiff's cellular telephone number ending in 1595 ("1595 Number").

12. When Plaintiff listened to the messages transmitted by the calls that Defendant initiated and placed to the 1595 Number, she was easily able to tell that the messages were prerecorded.

13. The prerecorded messages transmitted by the calls that Defendant initiated and placed to the 1595 Number included a prerecorded voice which identified itself as calling from "Harvard Ford" and which asked Plaintiff to trade in her vehicle and to purchase a new vehicle from Defendant.

14. At the time Plaintiff received these prerecorded voice messages that Defendant initiated and placed, Plaintiff was the subscriber and/or sole user of the 1595 Number.

15. The prerecorded message transmitted by the calls Defendant initiated and placed to the 1595 Number constitute telemarketing/advertising because they promoted Defendant's business, goods and services.

16. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by Defendant with telemarketing calls using prerecorded voice messages.

17. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

18. The unsolicited calls Defendant initiated placed which used telemarketing prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

20. Plaintiff brings this case on behalf of the Class defined as follows:

**Prerecorded Message Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant (2) called using an artificial or prerecorded voice, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.

21. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether the calls were telemarketing;

   c) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such telemarketing calls using a prerecorded or artificial voice;

   d) Whether Defendant's conduct was knowing and willful;

   e) Whether Defendant is liable for damages, and the amount of such damages; and

   f) Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Proposed Class)**

31. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

34. Defendant initiated and placed telemarketing calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

35. These calls were made without regard to whether or not Defendant had first obtained the prior express written consent it required from the called party to make such telemarketing calls using an artificial or prerecorded voice.

36. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class with telemarketing calls using an artificial or prerecorded voice when the calls were made.

37. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an prerecorded messages to make non-emergency telemarketing telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

38. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

39. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

40. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its prerecorded messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
## VIOLATION OF 47 C.F.R. § 64.1200(a)
### (On Behalf of Plaintiff and the Proposed Class)

41. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

42. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

43. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

44. Further, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party …" 47 C.F.R. § 64.1200(a)(3).

45. Defendant initiated and placed telemarketing calls using artificial or prerecorded voices to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

46. Defendant has therefore violated § 64.1200(a)(1)(iii), § 64.1200(a)(2), and § 64.1200(a)(3) by making non-emergency telemarketing telephone calls using prerecorded voice messages to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

47. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was making telemarketing calls using prerecorded messages. The violations were therefore willful or knowing.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

49. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

c) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of

    the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) An order declaring that Defendant's actions, as set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all unsolicited telemarketing prerecorded message call activity without obtaining prior express written consent first, and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 2, 2021

Respectfully submitted,

| | |
|---|---|
| By: */s/ Ignacio Hiraldo*<br><br>Ignacio Hiraldo, Esq.<br>**IJH Law**<br>Florida Bar No. 0056031<br>D.C. Bar No. 485610<br>1200 Brickell Ave. Suite 1950<br>Miami, FL 33131<br>E: IJhiraldo@IJhlaw.com<br>T: 786-496-4469 | Manuel S. Hiraldo<br>**HIRALDO P.A**.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954-400-4713 |

*Attorneys for Plaintiff and the Proposed Class*

11